Charles A. Snyder, Controller of Schuylkill County, and William L. Sheafer, a taxpayer, *v.* Frank R. Kantner and John L. Stauffer, Commissioners of Schuylkill County. Appeal of William L. Sheafer.

*Municipalities—Funding county debt—Injunction—Discretion of county commissioners.*

A court of equity will not enjoin county commissioners from issuing bonds for the purpose of funding the floating indebtedness of the county where they are not charged with fraud, and there is nothing in the evidence to show that they abused or intended to abuse the discretion vested in them, or that they were seeking to increase the debt of the county.

The collectible taxes outstanding for several years cannot be decreed to constitute a fund for the payment of loans contracted during the specified

years, where there is no evidence to show the amount of uncollected taxes for each year, or the amount of loans contracted in each year.

Argued Feb. 13, 1899.    Appeal, No. 231, Jan. T., 1898, by William L. Sheafer, one of the plaintiffs, from decree of C. P. Schuylkill Co., July T., 1898, No. 4, on bill in equity.    Before STERRETT, C. J., MCCOLLUM, MITCHELL and FELL, JJ.    Affirmed.

Bill in equity for an injunction.

The facts are fully stated in the opinion of the Supreme Court.

*Error assigned* was in refusing the injunction.

*Fergus G. Farquhar* and *John F. Whalen,* for appellants.

*H. O. Bechtel,* for appellees, cited Com. v. Councils of Pittsburg, 41 Pa. 278; Parkinson v. City of Parker, 85 Pa. 313; Williamsport v. Com., 84 Pa. 501; Galena v. Corwith, 48 Ill. 423; Act of April 18, 1895, P. L. 36; Paving Co. v. Philadelphia, 164 Pa. 477; City of Erie v. Reed, 113 Pa. 468; Douglass v. Com., 108 Pa. 559; Chandler v. Gardner, 2 Pa. C. C. R. 407; Biltz v. Ashland Borough, 3 Pa. C. C. R. 412.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 27, 1899:

This proceeding in equity was commenced by Charles A. Snyder, controller of Schuylkill county, who, after setting forth the facts, etc., prayed that the defendants be restrained " by injunction from issuing bonds for more than one hundred and sixty thousand dollars ($160,000), the proceeds of which shall be applied to the payment of the indebtedness contracted prior to January 1, 1898," and for "such other and further relief as" may appear to be just.    On the coming in of the defendant's answer, May 19, 1898, William L. Sheafer, a taxpayer and citizen of the county, on his own petition, was given leave to become a party plaintiff in the case, and permitted to file the "amendment or supplemental bill" set out in the record.    In that he prays the court to adjudge and decree :

"1. That the unpaid taxes for the years 1894, 1895, 1896 and 1897 constitute a fund which has been and ought to be

appropriated to the payment of the outstanding so-called temporary loans of said years, and that the commissioners and controller be directed to set apart for that purpose all sums paid into the county treasury on the amounts set out in paragraph one of this bill.

"2. That it is unnecessary and indiscreet for the county commissioners to issue at this time any bonds of the county or other evidence of indebtedness, except such as are made payable within the year 1898, and that the commissioners be compelled to pay the same from the receipts of 1898."

The case was thereupon so proceeded in that it came on for hearing on amended bill, answers and proofs, and for reasons given in opinion of the court below, May 26, 1898, the rule for an injunction previously granted was discharged. Thereupon the intervening plaintiff, William L. Sheafer, excepted and appealed to this Court.

It appears that on May 12, 1898, the county commissioners passed a resolution authorizing the issue of four per cent bonds sufficient in amount to pay all the county's floating debt, which at that time amounted to $229,000. Of this, $71,000 had been contracted for expenses of the county for the year 1898, intended to be paid out of the tax levy for the year. The residue had been contracted for expenses of previous years. The floating debt was evidenced by promissory notes amounting to about $178,000, bearing interest at from four to six per cent, and overdue bills payable amounting to $51,000. The reason for the existence of so large a debt was that the taxes which were assessed at the beginning of the year were not collectible until October, and it was necessary in the mean time to make temporary loans to meet current expenses. In their resolution the commissioners recited that the tax which had been levied for the year 1898 would in all probability be insufficient to meet the current expenses of the year.

The intervening plaintiff, Mr. Sheafer, testified that "during the years 1894, 1895 and 1896, the county probably exceeded their income by $50,000 a year, accumulating at the end of the third year an indebtedness of $149,000." At the close of the year 1897 the temporary loans were reduced to $128,000. The uncollected taxes for the years 1894, 1895, 1896 and 1897 aggregated $142,090.86, the major part of which was for 1897.

Appellants' contention was that these taxes were collectible, and that they should constitute a fund for the payment of the loans contracted in those years. There is no evidence in the record, however, to show the amount of uncollected taxes for each of these years, or the amount of loans contracted in them respectively. In the absence of such evidence no decree of the kind prayed for by him could or should be made.

Without referring further in detail to facts and figures contained in the record, our consideration of the same has led us to the conclusion reached by the learned court below, viz: that this is not a case for equitable interference. The commissioners have the power to issue bonds for the purpose of funding floating indebtedness (Act of April 20, 1874, P. L. 65; Williamsport v. Commonwealth, 84 Pa. 501), and there is nothing in the evidence to show that they abused or intended to abuse the discretion vested in them. They are not charged with any fraud. They are not seeking to increase the debt of the county, but simply to change the form of an already existing debt. Their action is in the line of economy, in that its tendency is to save the county a considerable sum in interest charges, and to some extent lessen the evil of temporary loans.

We think the court was clearly right in refusing the injunction.

Decree affirmed and appeal dismissed at appellants' costs.